UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TYRANCE DEWAYNE HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00267-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On May 10, 2021, petitioner Tyrance Dewayne Hill was ordered to file an amended 28 U.S.C. § 2241 petition on a Court-provided form. (Docket No. 2). Petitioner was given thirty days in which to comply. That time has expired, and the Court has not received an amended petition. Therefore, for the reasons discussed below, this action will be dismissed without prejudice.

### Background

On December 15, 2021, the Court received a document from petitioner titled "Motion Based on the All Writs Act 28 U.S.C. 1651." (Docket No. 1). The motion was handwritten and not on a Court form. In the motion, petitioner accused the Bureau of Prisons of abusing its discretion "under Kay Fez/Willis," which apparently resulted in him not receiving the proper jail credit.[1]

Because petitioner seemed to be attacking the execution of his sentence, the Court construed the motion as an attempt to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). However, the petition

---

[1] Petitioner appears to be referring to *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993) and *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).

was not on a Court-provided form, as required, and lacked sufficient information to determine the basis upon which petitioner sought relief. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

On May 10, 2021, the Court directed petitioner to file an amended 28 U.S.C. § 2241 petition on a Court form. (Docket No. 2). Petitioner was given thirty days in which to comply. The Clerk of Court was directed to send petitioner a copy of the Court's § 2241 form to aid his compliance. Petitioner was advised that his failure to submit an amended petition would result in the dismissal of this action without prejudice and without further notice.

The amended petition was originally due on or before June 9, 2021. On June 7, 2021, however, mail sent to petitioner was returned to the Court as undeliverable. (Docket No. 3). The Clerk of Court retrieved petitioner's new location from the Bureau of Prisons website, and re-sent the Court's May 10, 2021 order, along with a § 2241 form for him to fill out. Since resending the Court's order, more than thirty days have gone by, and petitioner has neither filed an amended petition nor sought an extension of time in which to do so.

## Discussion

As noted above, petitioner filed a document construed as an attempt to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 10, 2021, he was directed to file an amended petition on a Court-provided form within thirty days. On June 7, 2021, mail sent to petitioner was returned as undeliverable. After retrieving petitioner's new address from the Bureau of Prisons website, the Court's order, as well as a copy of the Court's § 2241 form, was sent to petitioner. The Court's order advised petitioner that he had thirty days in which to file an amended petition, and that failure to comply would result in the dismissal of this action without prejudice and without further notice.

More than thirty days have elapsed since the Court's order was re-mailed to petitioner, but the Court has yet to receive an amended petition. Moreover, petitioner has not sought an extension of time in which to comply with the Court's order. Indeed, since petitioner's initial filing, the Court has had no further communications with him. As a result, this action must be dismissed for failure to comply with the Court's order of May 10, 2021. *See* Fed. R. Civ. P. 41(b); and *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued.

Dated this 3rd day of August, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE